UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stephanitsa Dalagiannis, et al.,                            Case No. 15-cv-2403

                    Plaintiffs

        v.                                                MEMORANDUM OPINION

PGT Trucking, Inc., et al.,

                    Defendants

## I.        INTRODUCTION

Defendants PGT Trucking, Inc. and Jorge Hernandez move to dismiss Plaintiffs Stephanitsa

and Nick Dalagiannis' complaint pursuant to Rule 12(b)(6). (Doc. No. 7). Plaintiffs filed a brief in

opposition. (Doc. No. 10). Defendants filed a brief in reply. (Doc. No. 11) For the reasons stated

below, the motion is denied.

## II.       BACKGROUND

On December 28, 2011, Plaintiff Stephanitsa Dalaginnis was riding in a vehicle driven by

Paul Karas behind a PGT Trucking, Inc. vehicle driven by Defendant Jorge Hernandez. Without

notice, a mud flap flew off of Defendant's truck and, after hitting the road and front of Mr. Karas'

vehicle, landed on the windshield of the vehicle. The mud flap created a "black out" in the vehicle

and caused Mr. Karas to careen off the road.

Stephanitsa and Nick Dalagiannis along with Paul Karas, the driver of the vehicle, filed a

complaint in the Wood County Court of Common Pleas on June 14, 2013. (Doc. No. 7-1). The

complaint asserted claims of negligence and various statutory violations on the part of the

Defendants Jorge Hernandez PGT Trucking, Inc., and Barbara M. Gainer. The complaint was voluntarily dismissed on December 22, 2014 without prejudice pursuant to Ohio Civil Rule 41(A). (Doc. No. 7-2). Plaintiffs Stephanitsa and Nick Dalagiannis refiled the suit against Defendants PGT Trucking, Inc. and Jorge Hernandez in this Court on November 25, 2015. (Doc. No. 1). Plaintiff Paul Karas and Defendant Barbara Gainer were not named as parties in the current action.

### III.   STANDARD

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'

Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93  (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008).  The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV.     DISCUSSION

### A. Position of the Parties

The parties dispute whether the statute of limitations bars the Plaintiffs' claims or whether the Ohio Savings Statute operates to extend the statute of limitations.

### B. Analysis

If it is apparent on the face of the complaint that the claim was brought after the expiration of the statute of limitations, it may be dismissed without the need for further pleadings. *Hoover v. Langston Equipment Associates, Inc.*, 958 F.2d 742, 744 (6th Cir. 1992). When determining the statute of limitations of a personal tort claim, the court applies the statute of limitations "from the State where the claim arose." *Kerr v. Hurd*, 694 F. Supp. 2d 817, 836 (S.D. Ohio 2010). In the tort action at hand, the statute of limitation expired two years following the accident. O.R.C. § 2305.10(A). However, since the plaintiff's originally filed the action in the Wood County Court of Common Pleas within the statute of limitations, the Ohio Saving Statute may save the claim by extending the statute of limitations.

The Ohio Savings Statute provides, in part, "In any action that is commenced…, if the plaintiff fails otherwise than upon the merits, the plaintiff…may commence a new action within one

year after the date of…the plaintiff's failure otherwise than upon the merits." O.R.C. § 2305.19(A). A claim is considered to fail "otherwise than upon the merits" when it is voluntarily dismissed under Ohio Civil Rule 41(A). *Lewis v. Lawyer Chiropractic Clinic*, 1999 WL 713605, at *5 (Ohio Ct. App. Aug. 26, 1999). Therefore, since the claims at issue were voluntarily dismissed without prejudice, the statute of limitations may be extended for one year so long as the original and current suit are "substantially the same." *Children's Hospital v. Ohio Dep't of Public Welfare*, 69 Ohio St.2d 523, 525 (1982). The complaint at hand was filed within one year of the dismissal. (Doc. No. 1).

In order to meet the test of substantial similarity, the complaints need not be identical, but merely put the parties on notice of the factual allegations that could give rise to the claims asserted. *Lanthorn v. The Cincinnati Ins. Co.*, 2002 WL 31768796, at *4 (Ohio Ct. App. Dec. 5, 2002). The statute will not apply "when a new complaint contains factual allegations that were not alleged in the original complaint, and further contains a new theory of relief based on the new factual allegations." *Id.*

In *Children's Hospital*, the court held that when "the parties and relief sought… are different from those in the original action," the statute does not apply. 69 Ohio St.2d at 526. However, the Court stated in *Lum v. Mercedes Benz USA, LLC*, that "the addition of new parties in *Children's Hospital* was a circumstance supporting the conclusion that the complaints were not substantially the same, not a *sine qua non* for such conclusion." 2006 WL 1174228, at *2 (N.D. Ohio Apr. 28, 2006). Therefore, since no parties were added to the previous complaint, only removed, the parties to the original action were all on notice of the original complaint. With respect to the parties in this case, I find the previous and current action are substantially similar for the purposes of the Savings Statute.

Regarding the issue of claims, I also find the allegations in the second action to be substantially similar to that of the initial complaint. The complaint at issue is nearly identical to the complaint filed in the Wood County Court of Common Pleas concerning seven of the nine causes

of action. Because no additional facts were asserted regarding these causes of action, I regard them as being substantially similar and permitted under the Saving Statute.

With respect to the punitive damages claims, although they were not asserted in the preliminary action, I find that they are "based upon the same factual occurrences stated in the original complaint." *Stone v. N. Star Steel Co.*, 152 Ohio App.3d 29, 35 (2003) (citations omitted). In *Stone*, the court held that a "higher standard required by one cause of action over another cause of action does not necessarily mean that the saving statute is inapplicable, especially when the factual occurrences raised in the original complaint put the parties on notice of the type of claim asserted in the second complaint." *Id.* at 36. Further, the Savings Statute is remedial in nature and thus intended to be construed liberally. *Kinney v. Ohio Dep't of Administrative* Services, 30 Ohio App.3d 123, 125-26 (1986). Although punitive damages were not requested in the original action, the facts giving rise to such are the same in each. Therefore, I find, given the remedial nature of such, the slight change in legal theory does not give rise to a dismissal based on a lack of similarity.

## V.    CONCLUSION

The Ohio Savings Statute applies in this case. The complaint is not, on its face, invalid because of the expiration of the statute of limitations. Therefore, Defendant's motion to dismiss (Doc. No. 7) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge