UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Stephanitsa Dalagiannis, et al.,                                  Case No. 15-cv-2403

    Plaintiffs

  v.                                                              MEMORANDUM OPINION

PGT Trucking, Inc., et al.,

    Defendants


I. Introduction

Defendants PGT Trucking, Inc. and Jorge Hernandez moved for partial judgment on the pleadings. (Doc. No. 17). Plaintiffs Stephanitsa and Nick Dalagiannis opposed the motion (Doc. No. 26) and moved to amend the complaint. (Doc. No. 25). Defendants opposed the amendment (Doc. No. 27), to which Plaintiffs replied. (Doc. No. 30). For the reasons stated below, Plaintiffs' motion to amend the complaint is denied and Defendants' motion for partial judgment on the pleadings is granted.

II. Background

The case arises from a motor vehicle accident. Plaintiff Stephanista Dalagiannis was injured when a mud flap flew off a tractor-trailer driving in front of her and landed on the windshield of the vehicle in which she was riding, causing the driver to lose visibility. (Doc. No. 1). The tractor-trailer in question was owned by Defendant PGT Trucking, Inc. and driven by Defendant Jorge Hernandez. *Id.*

Defendants previously moved the court to dismiss on the grounds that the Plaintiffs action was barred by the statute of limitations. (Doc. No. 7). The motion was denied. (Doc. Nos. 12, 13). Defendants now move for judgment on the pleadings on the issue of punitive damages. (Doc. No. 17). Opposing the motion, Plaintiffs move to amend the complaint. (Doc. No. 25). Plaintiff does not seek to add any claims, but instead proposes adding three paragraphs asserting an additional duty on the part of Defendant PGT Trucking, Inc. and stating both Defendants "intentionally failed to inspect, repair, and maintain" the tractor-trailer "despite knowing that this failure created a great probability of causing substantial harm." (Doc. No. 25-1 at ¶¶ 26, 37, 46).

### III. MOTION TO AMEND THE PLEADINGS

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993) ("[W]here a proposed amendment would not survive a motion to dismiss, the court need not permit

2

the amendment"). To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint also will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). While the court must accept all factual allegations contained in the complaint as true, it need not give the same deference to legal conclusions. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Here, Plaintiffs do not seek to add any claims, but instead "clarify the factual allegations giving rise to their claims for punitive damages." (Doc. No. 25 at 1). The proposed amendments assert only that an additional duty is owed by Defendant PGT Trucking, Inc. and that Defendants *intentionally* engaged in the previously asserted conduct. (Doc. No. 25-1). Matters of duty and intent are elements of the cause of action and may not stand alone as facts to be facially accepted as true. Plaintiffs have offered no "factual enhancement" to support the allegations contained in the amendments. In the absence of any factual foundation asserted by Plaintiffs, I find the proposed amendments futile as mere conclusory allegations mirroring legal elements and deny the motion to amend the complaint.

IV. MOTION FOR JUDGMENT ON THE PLEADINGS

The same pleading requirements apply to a motion to dismiss under Rule 12(b)(6) and a motion for judgment under the pleadings pursuant to Rule 12(c). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). A complaint must state sufficient facts to, when accepted as true, state a claim that is not merely speculative but "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556-57, 570) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct); *see also Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). As

3

noted above, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *S. Ohio Bank v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973).

Defendants move for judgment on the pleadings on the issue of punitive damages. (Doc. No. 17). Under Ohio law, a plaintiff may be awarded punitive damages in a tort action only if:

> The actions or omissions of th[e] defendant demonstrate malice or aggravated or egregious fraud, or th[e] defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate.

O.R.C. § 2315.21(C)(1). Since Plaintiffs have asserted no allegation of fraud on the part of Defendants, the remaining issue is whether Defendants acted with malice. For purposes of punitive damages, there must be "actual malice," defined as:

> (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

*Preston v. Murty*, 32 Ohio St. 3d 334, 336 (1987).

Although Plaintiff has asserted a conscious disregard of safety, the statement is merely a legal conclusion and recitation of the element required to prove punitive damages. The facts asserted in the complaint are limited to a description of the parties, the accident itself, and the physical injuries suffered from the accident. Plaintiffs have failed to assert any grounds which would establish Defendants' knowledge that the mud flap may fly off of the tractor-trailer or any conscious disregard of such knowledge. There are no facts asserted by Plaintiffs that rise above a level of mere speculation and allow the court to make a reasonable inference that Defendants acted with the requisite malice to support a claim for punitive damages. Since Plaintiffs have failed to assert a claim of punitive damages that is "plausible on its face," judgment on the pleadings is granted on both claims for punitive damages asserted against the Defendants.

4

## V.    Conclusion

Because the proposed amendments to the complaint are futile, Plaintiffs' motion to amend the complaint is denied. (Doc. No. 25). Defendants' motion for partial judgment on the pleadings is granted. (Doc. No. 17).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge